Felton v. Gregory.

FELTON, *Appellant*, v. GREGORY *et al.*

DIVISION ONE.

1. **Supreme Court Practice**: EQUITY CASE. In an equity case the supreme court will review the facts as well as the law.

2. ————: AGENCY. The court finds that the evidence does not establish the authority of a certain firm of real-estate dealers to act for defendant in the making of a contract for the sale of land as the firm assumed to do.

*Appeal from Jackson Circuit Court.* — HON. T. A. GILL, Judge.

AFFIRMED.

THIS is a suit for specific performance. The plaintiff alleges that, on the thirty-first day of May, 1886, John F. Gregory was the owner of certain lots in Kansas City, Missouri, and by his agent sold the same to plaintiff for $11,175, of which sum $200 was paid at the date of the contract, and the balance to be paid at different times thereafter.

The contract provided that the seller should furnish a complete abstract of title, and the principal cash payment should be payable thirty days after that had been done.

The defense admits ownership of the property, denies any sale by defendant, or by anyone authorized by him to make it, and prays for a decree removing cloud on his title by reason of plaintiff's alleged claim, which had been recorded.

The court, on the hearing, found for the defendant, made a decree in accordance with the prayer of the answer, and the plaintiff appealed, after taking the usual formal steps for that purpose.

*Johnson & Lucas* for appellant.

(1) This court will review the evidence in an equity case. *Morey v. Staley*, 54 Mo. 419; *Keiser v. Gammon*, 95 Mo. 223. (2) Does the evidence show that the firm of S. T. Warren & Co. were the agents of the defendant Gregory? We answer in the affirmative. *First.* Defendant's own evidence shows that he authorized Ingram to sell the same for $11,175, of which sum $5,000 was to be paid in cash and balance in one and two years; that he went with Ingram to S. T. Warren & Co., and agreed with them that he would sell on the above terms, if the sale was made on that day. The sale was so made, and contract signed, and defendant notified thereof. *Smith v. Allen*, 86 Mo. 179; *Hull v. Jones*, 69 Mo. 587; *Mitchum v. Dunlap*, 98 Mo. 421. *Second.* When we look at the whole case, the question of the agency of S. T. Warren & Co. is resolved into a certainty. See the evidence of S. T. Warren, C. P. Smith and W. A. Gosnell, each and all of whom concur in the statement that the contract was made as authorized and directed by the defendant, and he notified thereof. *Clemens v. Potter*, 34 Mo. 584; *Hoffman v. Ins. Co.*, 32 N. Y. 413; *Edwards v. Thomas*, 66 Mo. 482; *Pringle v. Spaulding*, 53 Barb. 17; *Johnson v. Dodge*, 17 Ill. 441.

*Traber, Vandeveer & McNeil* and *Warner, Dean & Hagerman* for respondents.

(1) Before plaintiff Felton can obtain a decree for specific performance, he must establish by clear and satisfactory evidence the fact that Warren & Co. had authority to sell the property in question and make a binding contract therefor. *Pierce v. Thomas*, 4 E. D. Smith (N. Y.) 355-6; *Hinds v. Henry*, 36 N. J. Law, 330; *Atwater v. Lockwood*, 39 Conn. 46-50; *Barnard v. Coffin*, 141 Mass. 37. Gregory specifically reserved the

right to make his own contract for the sale of this property. (2) The trial court found that Warren & Co. had no such authority, and the supreme court will defer somewhat to such finding. *Chapman v. McIlwrath*, 77 Mo. 43; *Smith v. Allen*, 86 Mo. 178. (3) But even if Warren & Co. had authority to sell the property in question, still they were in duty bound to their principal to make a fair contract for him. This they did not do. They exceeded any authority they might have had and made an option contract binding their principal and leaving Felton free. Equity will not enforce such a contract made under such circumstances. *Glass v. Rowe*, 103 Mo. 513; *Ramsey v. West*, 31 Mo. App. 684-685; *Reiger v. Bigger*, 29 Mo. App. 427; *McElroy v. Maxwell*, 101 Mo. 294; *Zeidler v. Walker*, 41 Mo. App. 121; *Marble Co. v. Ripley*, 10 Wallace, 339. (4) The *onus* of establishing by clear and satisfactory evidence a contract which it is sought to have specifically enforced is cast upon the party who sets it up and asks its enforcement, and unless this is done a court of equity will not decree specific enforcement. *Strange v. Crowley*, 91 Mo. 287; *Taylor v. Williams*, 45 Mo. 80; *Veth v. Gierth*, 92 Mo. 97; *Railroad v. McCarty*, 97 Mo. 214; *Lapham v. Dreisvogt*, 36 Mo. App. 275.

BARCLAY, J.—This being a case in equity for specific performance it has been necessary to review the testimony.

Plaintiff claims the rights of a buyer under a contract entered into by him, in May, 1886, with a firm of real-estate agents, who assumed to act for Mr. Gregory, whose land formed the subject-matter of the alleged sale.

A vital part of plaintiff's case is to establish the agency of the firm mentioned to enter into the contract sought to be specifically enforced.

The evidence on this subject is conflicting. After a thorough consideration of it, we do not think there is any preponderance in plaintiff's favor to support the

Dickson v. The Mo. Pac. Ry. Co.

proposition that the agreement, as made by the firm who signed it in the name of Mr. Gregory, was authorized by him.

The finding of Judge GILL, who had the parties before him at the trial on the circuit, was to the same effect.

We consider the result there reached correct, and affirm the judgment, all the members of this division concurring.